UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Stile Società Cooperativa, | ) |
| Plaintiff, | ) CIVIL ACTION NO. _____ |
| v. | ) |
| Howard Brickman, and Brickman Consulting, | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Stile Società Cooperativa ("Plaintiff" or "SSC") by and throut its attorneys, McArdle Law & Associates, PLLC, and hereby files this Complaint against Defendants, Howard Brickman ("Mr. Brickman") and Brickman Consulting (collectively "Defendants"), and allee upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts as follows:

### PARTIES

1. Plaintiff, SSC is an Italian Cooperativa organized and existing under the laws of Italy, with its principal place of business located at Via dei Laghi 18, 06012 Bivio Lugnano, Città di Castello (PG).

2. Defendant, Howard Brickman is an individual who, upon information and belief currently resides at 244 Mount Blue Street, Norwell, Massachusetts 02061.

3. Defendant Brickman Consulting is upon information and belief, the name that Defendant Howard Brickman does business as, and has its principal place of business located at 244 Mount Blue Street, Norwell, Massachusetts 02061.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants in this action as Defendants operate, conduct, engage in, do business in, and have committed tortious acts within the Commonwealth of Massachusetts; and Defendants engage in substantial and not isolated activities within Massachusetts.

6. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to SSC's claims transpired in Massachusetts.

7. Venue in this district is also proper pursuant to 28 U.S.C. § 1391(a)(1) because the Defendant, Howard Brickman resides in this district within the meaning of 28 U.S.C. § 1391(c) and Brickman Consulting is subject to this court's personal jurisdiction with respect to this civil action because it has a principal place of business in this district and engages in substantial activities within Massachusetts.

## ALLEGATIONS OF FACT APPLICABLE TO ALL COUNTS

**A.** **Organizational History**

8. Stile Pavimenti Legno, S.p.a. ("Stile") was a high-end wood flooring manufacturer located in Citta di Castello, Italy. Stile operated a wood flooring factory in Citta di Castello.

9. In late 2013, Stile was facing severe financial difficulties and Corey Lews ("Lewis"), a Stile customer and his business partner agreed to purchase Stile's debts and assets.

10. Lewis and his business partner formed Anbo-Stile ("Anbo") to complete the purchase pursuant to an agreement dated April 18, 2014. The April 18, 2014 agreement called for Anbo to lease the factory for four years with an exclusive offer to purchase. Stile then filed for bankruptcy protection in Italy and Stile was renamed Tiberina Legnami S.p.a. ("Tiberina"). Liquidators were charged with winding up Tiberina's business affairs.

11. Anbo managed the Citta di Castello factory until June 20, 2016 when Tiberina terminated its agreement with Anbo due to breaches of the April 18, 2014 agreement.

12. Anbo managed the Citta di Castello factory between April 18, 2014 and June 20, 2016.

13. SSC is wood flooring manufacturer and distributor founded in July 2016 by its president, Lorenzo Onofri. SSC manufactures wood flooring in the Citta di Castello, Italy factory it purchased from Tiberina after Anbo's breach of the April 18, 2014 agreement.

**B.    New York City Project**

14. Upon information and belief, Mr. Brickman had contracted with Anbo through World Depot Corporation in August 2015 to purchase Wenge flooring manufactured by Anbo for one of Mr. Brickman's New York City clients. The Wenge flooring was delivered by Anbo on or about February 9, 2016 and installed shortly thereafter.

15. Upon information and belief, the Wenge flooring installed at Mr. Brickman's client's New York City condominium cracked, checked and warped.

16. Upon information and belief, World Depot Corporation's President, Peter Alfe visited Mr. Brickman's project on April 7, 2016.

17. The facts outlined in numbers 14 through 16 above led to the 2016 United States District Court, Southern District of New York case number 1:16-CV-0720-SN, Total Home Improvement Services Inc., v. Design Group 47 LLC, World Depot Corporation et. al.

**C.     Brickman's Statements**

18. Upon information and belief, Mr. Brickman and Brickman Consulting were hired as consultants on Hines Interests Limited Partnership's ("Hines") South Station Tower project. Mr. Brickman is a well-known flooring consultant in the United States.

19. The plans for Hines' South Station Tower project called for flooring manufactured by SSC.

20. On or about February 2, 2023, Steven Baglione of Allegheny Contract emailed SSC's President, Lorenzo Onofri ("Onofri") to request that SSC provide a quote for Hines' South Station Tower project for 154,000 square feet of European White Oak wood flooring.

21. SSC quoted approximately $1,747,000 for the 154,000 square feet of European White Oak wood flooring for Hines' South Station Tower project. SSC's profit from the sale of 154,000 square feet of European White Oak wood flooring would have been approximately $262,000.

22. Upon information and belief, Mr. Brickman advised Hines to not use flooring manufactured by SSC because Mr. Brickman had a bad experience with SSC's wood flooring used in his former client's New York City projects in 2016.

23. In or around August 2023, Mr. Brickman stated to Daneil Auditore of Allegheny Contract, Inc. that he previously had a bad experience with SSC's wood flooring product in his former client's New York City project in 2016.

24. On August 22, 2023, SSC's Onofri emailed Mr. Brickman to inform him that Mr. Brickman's issues in 2016 were with Anbo and not SSC.

25. On August 28, 2023, Mr. Brickman emailed Onofri and stated that he "recommended to my client that they require a substantial bond to hedge the risk of unacceptable product performance if they decided to purchase flooring from Stile. This recommendation was based on my personal experience with Stile flooring in 2016."

26. On January 15, 2024, SSC through its attorney sent a Notice of Order to Cease and Desist and formal demand letter under the Consumer Protection Act, G.L. c. 93A to Defendant, Howard Brickman.

27. Mr. Brickman responded to SSC's counsel through email that he would limit his remarks to Anbo if Plaintiff certified that SSC had destroyed Anbo's facility and machinery and not hired any Anbo employees.

28. On February 21, 2024, SSC through its attorney sent a formal demand letter under the Consumer Protection Act, G.L. c. 93A to Defendants.

29. No response to SSC's February 21, 2024 formal G.L. c. 93A Demand Letter has been received.

## COUNT I
## PRODUCT DISPARAGEMENT

30. Plaintiff repeats, realleges and incorporates the preceding numbered paragraphs as if fully restated herein.

31. Mr. Brickman advised Hines not to use flooring manufactured by SSC because, as Mr. Brickman falsely alleged, he previously had a bad experience with SSC.

32. Mr. Brickman knew or should have known that the previous bad experience he alleged was with SSC was in fact a bad experience with Anbo and World Depot Corporation, two companies with no ties to SSC.

33. Mr. Brickman's false statements to Hines caused Hines to not contract with SSC to supply the wood flooring for Hines' South Station Tower project despite the plans for the South Station Tower project calling for flooring manufactured by SSC.

34. The Hines South Station Project would have resulted in a sale by SSC of $1,747,000 of flooring and a profit of approximately $262,000.

35. As a result of Mr. Brickman's false statements, SSC has suffered damages, including but not limited to lost profit of approximately $262,000, attorney's fees for pursuing this action and court costs.

## COUNT II
## DEFAMATION

36. Plaintiff repeats, realleges and incorporates the preceding numbered paragraphs as if fully restated herein.

37. Under Massachusetts law, a plaintiff alleging defamation must establish: (1) the defendant made a statement, concerning the plaintiff, to a third party; (2) the statement could damage the plaintiff's reputation in the community; (3) the defendant was at fault in making the statement; and (4) the statement either caused the plaintiff economic loss or is actionable without proof of economic loss, such as a statement that may prejudice the plaintiff's profession.

38. The Defendants knew or should have known that the above alleged statements by Defendants to Hines about SSC were false and would do damage to SSC in the wood flooring and construction community.

39. The Defendants knew or should have known that the above alleged false statements by Defendants to Hines would cause SSC economic loss.

## COUNT III
## INTERFERENCE WITH ADVANTAGEOUS RELATIONS

40. Plaintiff repeats, realleges and incorporates the preceding numbered paragraphs as if fully restated herein.

41. Under Massachusetts law a claim for interference with advantageous relations must plausibly allege that the Plaintiff had an advantageous relationship with a third party; the defendant knowingly induced a breaking of the relationship; the defendant's interference with the relationship, in addition to being intentional, was improper in motive or means; and the plaintiff was harmed by the defendant's actions.

42. The plans for Hines' South Station Project called for SSC wood flooring products.

43. SSC provided a quote for the South Station Project wood flooring products.

44. Mr. Brickman advised Hines not to use flooring manufactured by SSC because, as Mr. Brickman falsely alleged, he previously had a bad experience with SSC.

45. Mr. Brickman knew or should have known that the previous bad experience he alleged was with SSC was in fact a bad experience with Anbo and World Depot Corporation, two companies with no ties to SSC.

46. Mr. Brickman's false statements to Hines caused Hines to not contract with SSC to supply the wood flooring for Hines' South Station Tower project despite the plans for the South Station Tower project calling for flooring manufactured by SSC.

47. Hines did not contract with SSC for the wood flooring in its South Station Project.

48. As a result of Mr. Brickman's false statements, SSC has suffered damages, including but not limited to lost profit of approximately $262,000, attorney's fees for pursuing this action and court costs.

## COUNT IV
## VIOLATIONS OF G.L. c. 93A, § 11

49. Plaintiff repeats, realleges and incorporates the preceding numbered paragraphs as if fully restated herein.

50. Plaintiff engages in commerce and trade by selling wood flooring products.

51. Defendant, Howard Brickman is "engaged in trade or commerce" as defined by G.L. c. 93A by advising individuals and companies on their wood flooring needs and providing technical consulting regarding wood flooring.

52. Defendant, Brickman Consulting is "engaged in trade or commerce" as defined by G.L. c. 93A by advising individuals and companies on their wood flooring needs and providing technical consulting regarding wood flooring.

53. The acts and omissions described above constitute unfair and deceptive practices in the conduct of trade or commerce in violation of G.L. c. 93A, § 2.

54. The use or employment of the above described unfair and deceptive acts and practices by Defendants were willful and/or knowing violations of G.L. c. 93A, § 2 and their refusal to grant relief upon demand was made with bad faith, with knowledge or reason to know that the acts or practices complained of violated G.L. c. 93A, § 2.

55. The above-described conduct by the Defendants has caused the Plaintiff damages including but not limited to loss of business from Hines, profit, attorneys' fees, costs and expenses.

**JURY TRIAL DEMAND**

The Plaintiff hereby demands a trial by jury on all counts so triable.

**PRAYERS FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Enter judgment against the Defendants jointly and severally on Counts I-IV;

B. Order that the above alleged conduct constitutes unfair and deceptive practices under G.L. c. 93A;

C. Award Plaintiff damages incurred as a result of Defendants' product disparagement;

D. Award Plaintiff damages incurred as a result of Defendants' defamation;

E. Award Plaintiff damages incurred as a result of Defendants' interference with advantageous relations;

F. Award Plaintiff damages incurred as a result of Defendants unfair and deceptive acts and practices;

G. Find that the use and employment of unfair and deceptive acts and practices by Defendants was willing and knowing and the refusal to grant relief upon demand was made in bad faith and award the Plaintiff up to three but not less than two times his damages;

H. Award Plaintiff his reasonable attorney's fees incurred in connection with this action pursuant to G.L. c. 93A, § 9; and

I. Grant the Plaintiff such other relief as justice, equity and the circumstances may require.

Dated: April 19, 2024

                                        Respectfully submitted,
                                        Plaintiff, Stile Società Cooperativa,
                                        By and through counsel,

                                        _____/s/ Jason M. McGuire_____
                                        Jason M. McGuire, Esq.
                                        McArdle Law & Associates, PLLC
                                        280 Merrimack Street, Suite 311
                                        Lawrence, MA 01843
                                        Tel: 978-681-5150
                                        jason@mcardlelaw.com